# James W. Margrave, plaintiff in error, *vs.* The U. States, defendant in error.

### *Error to Linn.*

Under the act of the legislature rendering private prosecutors liable for costs, there must be a trial and acquittal to render the prosecutor liable.   And the court must be satisfied that the prosecution was malicious.

At the April term of the District Court of Linn, James W. Margrave, prosecuted William H. Woodbridge for forgery, and no indictment having been preferred, the court rendered a judgment against Margrave for costs to the amount of $18,72.

To reverse this judgment Margrave sued out his writ of error from this court.

Errors assigned:

1. It does not appear from the record that Wm. H. Woodbridge, the defendant in the prosecution wherein said judgment was rendered against said plaintiff in error, was tried and *acquitted*, and it does not appear that said Woodbrigde was *not tried* in the court below.

2. It does not appear from said judgment, and the record thereof, that said prosecution was malicious, nor does it appear that the court was satisfied that said prosecution was malicious.

3. There was no process in said cause to bring said plaintiff in error into the court below, and said judgment was rendered against him without an opportunity to show cause, or be heard in any manner against the same.

4. There was no hearing in the court below upon which the court was authorized to determine that said prosecution was malicious.

5. The court was not authorized to render said judgment upon the finding of the grand jury.

6. The grand jury was not authorized by the law to award the costs against the prosecutor.

John David, for plaintiff in error.

E. H. Thomas, district prosecutor, for defendant in error.

Per Curiam, Mason, Chief Justice.—We think the court below erred in rendering judgment for costs against the plaintiff in error. The act relative to criminal proceedings renders the private prosecutor liable only when the accused has been " acquitted on his trial." Laws of 1843, page 151, section 29. The only mode in which it is to be ascertained whether there has been a private prosecutor is by the endorsement upon the indictment, and where there is no indictment there can be no such endorsement.

Appended to the same act, which provides for rendering the private prosecutor liable, are some additional sections, one of which declares that " no costs shall be rendered by the court in the event of the acquittal of a person charged with a criminal offence against the private prosecutor unless the court is satisfied that the prosecution is malicious."

These two provisions when taken together do not authorize the grand jury nor the court to impose a liability upon any person, on the ground of his being a private prosecutor, except in the precise manner therein

pointed out.   An indictment must have been found—the name of the private prosecutor thereon endorsed—the accused must have been acquitted on the trial and the court must have been satisfied that the prosecution had been malicious.   This last fact would have been inferred from the action of the court in this case, but the other three did not exist and they are all material.

   Judgment reversed.